UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Brokerage Insurance Partners, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Fidelity & Guaranty Life Insurance Company,<br>Fidelity & Guaranty Life,<br>FS Holdco II Ltd., and<br>John Doe<br><br>Defendants. | Civil Action 17-cv-1815- RDB<br><br>___FILED ___ENTERED<br>___LODGED ___RECEIVED<br><br>JAN 1 5 2020<br><br>AT BALTIMORE<br>CLERK U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND<br>BY _____ DEPUTY |

**MODIFIED FINDINGS AND ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS, GRANTING CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, DIRECTING ISSUANCE OF NOTICE TO THE CLASS, AND SETTING OF FINAL APPROVAL HEARING**

This matter came before the Court in the above-captioned putative class action for preliminary approval of the Class Action Settlement Agreement ("Settlement Agreement") dated October 2, 2019, between Plaintiff Brokerage Insurance Partners, Inc. ("Brokerage"), including individual agents Demetrios Vellissarios, Andre Morafates, and Richard Whitbeck (collectively "BIP"), and Defendants Fidelity & Guaranty Life Insurance Company ("FGLIC"), Fidelity & Guaranty Life ("FGL") and FS Holdco II Ltd ("Holdco") (collectively Fidelity").

Brokerage and Fidelity (collectively, the "Parties") have moved for an Order approving the settlement of the putative class action (the "Settlement") in accordance with the Settlement Agreement, including conditional certification, for purposes of settlement only, of the Class defined as:

> Those persons or entities that: (i) entered into an agreement with FGLIC to sell life insurance; and (ii) sold at least one FGLIC life insurance policy between January 1, 2015 and January 1, 2019 ("Class Period"), which

> FGLIC life insurance policy: (A) had an annual premium greater than or equal to $25,000.00; and (B) lapsed between the first and second anniversaries of its effective date, for which a commission was charged back or sought, attempted or threatened to be charged back, to the person or entity by FGLIC, **but excludes:** (i) any person or entity who, as of May 31, 2019, was named as a Defendant in the action captioned *Fidelity & Guaranty Life Insurance Co., v. Network Partners International, LLC, et. al.,* United States District Court, District of Maryland Case No. 1:17-cv-01508-RDB (D. Md.) ("*Network Partners Litigation*"); and/or (ii) any person or entity who entered into a separate settlement agreement with FGLIC that was executed prior to the filing of the Agreement with the Court.

Having read and considered the Settlement Agreement, and based upon familiarity with the files and proceedings in this matter, the Court finds that:

1. All defined terms in this Order shall have the same meanings as in the Settlement Agreement, which is incorporated into this Order by reference. Should the terms of this Order conflict with the Settlement Agreement, the Settlement Agreement shall control, unless this Order explicitly directs otherwise.

2. Brokerage originally filed its Complaint in this putative class action (the "Action") in the United States District Court of Maryland on June 30, 2017 (ECF 1).

3. On September 1, 2017, FGLIC filed an Answer to Count One of the Complaint and a Counterclaim against Brokerage. ECF 16.

4. Also on September 1, 2017, FGLIC and FGL moved to dismiss Counts Two through Nine of the Complaint, and FGL also moved to dismiss Count One. ECF 17.

5. In addition, on September 1, 2017, Holdco moved to dismiss the Complaint for failure to state a claim and for lack of jurisdiction. ECF 18.

6. On September 22, 2017, Brokerage filed an Amended Complaint against Fidelity. ECF 24. In its Amended Complaint, Brokerage alleged that FGLIC retroactively changed its compensation terms with its agents, and then charged those agents back for commissions FGLIC

had previously paid on the agents' sales of FGLIC life insurance policies (which practice is known as a "clawback"). Brokerage further alleged that FGLIC had defamed the agents by reporting their clawback debts to Vector One, a third party services provider to the insurance industry. Brokerage alleged FGLIC committed these acts as part of a conspiracy between FGLIC, FGL and Holdco to inflate the value of FGLIC for a potential sale of the company.

7. Brokerage brought the following causes of action: (i) breach of contract; (ii) tortious interference with contractual relations; (iii) tortious interference with prospective business relations; (iv) detrimental reliance; (v) negligent misrepresentation; (vi) fraudulent inducement; (vii) unjust enrichment; (viii) defamation; and (ix) RICO.

8. Brokerage sought to certify a class defined as follows:

> All persons or entities that have entered into an Agreement with [FGLIC] to sell life insurance and have sold at least one life insurance policy between January 1, 2015 and January 1, 2017.

ECF 24 at ¶ 40.

9. Also on September 22, 2017, Brokerage filed a Motion to Dismiss FGLIC's counterclaims. ECF 25.

10. On October 16, 2017, FGLIC filed an Amended Answer to Count One of Brokerage's Amended Complaint and a Counterclaim. ECF 33.

11. Also on October 16, 2017, FGLIC and FGL moved to dismiss Counts Two through Nine of Brokerage's Amended Complaint. FGL moved to dismiss Count One as well. ECF 34.

12. Holdco also filed a Motion to Dismiss Brokerage's Amended Complaint for lack of jurisdiction and for failure to state a claim. ECF 35.

13. Also on November 6, 2017, Brokerage filed an Amended Answer to FGLIC's Amended Counterclaim. ECF 40.

14. On August 17, 2018, the Court denied without prejudice all the Parties' respective Motion to Dismiss, in light of a pending question whether the Action would be consolidated with the *Network Partners Litigation*. ECF 63.

15. On August 31, 2018, FGL filed its Answer to Brokerage's Amended Complaint. ECF 65.

16. On September 4, 2018, FGLIC filed its Answer to Brokerage's Amended Complaint and Amended Counterclaim. ECF 67. FGLIC asserted that the policies sold by Brokerage and the putative class members were part of a fraudulent insurance financing and rebating scheme and that FGLIC had been defrauded of millions of dollars in ill-gotten commissions and bonuses. As a result, FGLIC brought counterclaims for (i) fraud; (ii) civil conspiracy to breach duty of agent to principal and aiding and abetting that breach; (iii) RICO; (iv) breach of contract against Brokerage; (v) breach of contract against Agent Does; (vi) rescission, restitution and constructive trust against Brokerage; (vii) rescission, restitution and constructive trust against Agent Does; (viii) negligence; and (ix) indemnification and attorneys' fees.

17. FGLIC, FGL and Holdco vigorously contest the allegations against them. Fidelity denies any and all wrongdoing alleged in the pleadings in the Action, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged against it in the Action. Fidelity contends that the claims of Brokerage and the putative class fail as a matter of law. In addition, Fidelity contends that Brokerage and the putative class, if certified, would suffer failures of proof at trial that would be fatal to their claims, including but not limited to damages, in part because it is impossible to prove some of the elements of the claims on a class-wide basis.

18.     Brokerage vigorously contests the allegations against it. Brokerage represents that Brokerage had no intent to violate any federal or state rule, regulation or statute, as alleged in the Amended Counterclaim, and that Brokerage had no knowledge of any conduct that violated any rule, regulation or statute, as alleged in the Amended Counterclaim.

19.     The Parties have now entered into a Settlement Agreement that has been filed with the Clerk of the Court.

20.     The proposed Settlement resulted from extensive arm's-length negotiations and was concluded only after months of negotiations, review of thousands of pages of documents, and consultations with independent experts about the issues raised by the Amended Complaint and Amended Counterclaim.

21.     BIP and FGLIC have further agreed to a process of confirmatory discovery, by which the Parties will further confirm that the proposed Settlement is fair, reasonable and adequate.

22.     The Parties consider it desirable for the Action to be settled and dismissed pursuant to the Settlement because it will: (a) provide substantial benefits to Class Members, (b) fully and finally adjudicate and resolve the claims of the Parties and Class Members and the underlying matters, and (c) avoid the substantial expense, burdens, risks and uncertainties associated with the continued litigation of the Action.

23.     The Court has reviewed the Settlement Agreement and determined it to be fair, reasonable, and adequate.

24.     The Court has reviewed the notice provisions of the Settlement Agreement, as well as the Class Notice, which is attached to the Settlement Agreement as Exhibit A. The Court has determined that the form, content and manner of dissemination of the notice constitute the best

notice practicable under the circumstances, and that the process of notice satisfies due process and fulfills the requirements of the United States and Maryland Constitutions and their Amendments.

25. The proposed Settlement evidenced by the Settlement Agreement (which includes all Exhibits thereto) is sufficient to warrant: (a) preliminary certification of the Class for settlement purposes only; (b) preliminary approval of the proposed Settlement; (c) dissemination of notice thereof to the members of the Class; and (d) a fairness hearing on the Settlement.

Accordingly, it is hereby ORDERED AND DECREED AS FOLLOWS:

1. The Motion for Preliminary Approval of the Class Action Settlement is GRANTED. The Settlement Agreement is preliminarily approved.

2. The Class, as defined in the Settlement Agreement, is provisionally certified for settlement purposes only:

> Those persons or entities that: (i) entered into an agreement with FGLIC to sell life insurance; and (ii) sold at least one FGLIC life insurance policy between January 1, 2015 and January 1, 2019 ("Class Period"), which FGLIC life insurance policy: (A) had an annual premium greater than or equal to $25,000.00; and (B) lapsed between the first and second anniversaries of its effective date, for which a commission was charged back or sought, attempted or threatened to be charged back, to the person or entity by FGLIC, **but excludes:** (i) any person or entity who, as of May 31, 2019, was named as a Defendant in the *Network Partners Litigation*; and/or (ii) any person or entity who entered into a separate settlement agreement with FGLIC that was executed prior to the filing of the Agreement with the Court.

3. The Court hereby finds that:

    a. The proposed Class, including over 50 agents, satisfies the requirement that a class be sufficiently numerous such that joinder of all members is impractical.

    b. The Parties' claims and defenses present legal and factual issues that are common to all proposed Class Members because they are based on a common set of allegations regarding the marketing, purchase, and sale of life insurance policies that lapsed between their first

and second anniversaries, the payment of premiums, and the payment and subsequent chargeback of commissions and bonuses.

   c. The typicality requirement is satisfied because Brokerage's claims as Settlement Class Representative are typical of the claims of the Class Members;

   d. Brokerage has fairly, adequately, and vigorously represented the Class, protected the interests of the Class, and is engaging in a process of confirmatory discovery to further confirm that the Settlement is fair, reasonable and adequate.

  4. The Court further finds that, for settlement purposes only, the requirements of Fed. R. Civ. P. 23(b)(3) have been satisfied in that: (i) common questions of law or fact predominate over questions affecting only individual Class Members; (ii) certifying the Class is superior to other available methods for the fair and efficient adjudication of the controversy; and (iii) manageability for trial purposes is not an issue and need not be considered in determining whether to certify the Settlement Class herein for purposes of settlement. *Amchem v. Windsor*, 512 U.S. 591, 619 (1997).

  5. The Court finds that there is no evidence of any conflict of interest between Brokerage and any other Members of the Class and, therefore, appoints Brokerage as Settlement Class Representative.

  6. The Court finds that Brokerage's counsel, Gregory L. Ewing, Esq. of Potomac Law Group, PLLC, satisfies the requirements to serve as Class Counsel and, therefore, pursuant to Fed. R. Civ. P. 23(g), preliminarily appoints as Class Counsel:

> Gregory L. Ewing, Esq.
> Potomac Law Group, PLLC
> 1300 Pennsylvania Avenue NW, Suite 700
> Washington, DC 20004

7. The Court appoints Rust Consulting as the Class Action Administrator, and authorizes the Administrator to perform the functions as set forth in the Settlement Agreement.

8. The Court directs the Parties to proceed with confirmatory discovery, as set forth in the Settlement Agreement.

9. The Court finds that the terms of the Settlement Agreement are sufficiently fair and reasonable to warrant sending Class Notice to the Class preliminarily certified for settlement purposes only.

10. The Court preliminarily approves the proposed Settlement Agreement, including the procedures for notice, exclusion, opt out and objection as described therein, as fair, reasonable, and in the best interests of the Class.

11. The Court approves the Class Notice in the form attached as Exhibit 1 to the Settlement Agreement. If the form is substantively modified pursuant to the Parties' Agreement, then the Parties shall submit the modified form to the Court for approval as to form and content prior to dissemination to Class Members.

12. The Court determines that the Class Notice and the procedure for Class Notice as described in the Settlement Agreement:

   a. is the best practicable notice under the circumstances;

   b. is reasonably calculated to apprise Class Members of the pendency of the Action and of their right to object to, opt out of, the proposed settlement;

   c. is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and

   d. meets all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution and its Amendments, statutes and the Maryland Constitution.

13. The Administrator is directed to mail the Class Notice to each Class Member by first-class mail, postage prepaid, to his or her last known address by February 19, 2020, in accordance with the procedures described in the Settlement Agreement.

14. The Administrator shall re-mail any Class Notice returned by the U.S. Postal Service with forwarding addresses.

15. FGLIC is ordered to bear the costs of disseminating the Class Notice and of settlement administration.

16. On or before March 24, 2020, the Administrator shall provide to Parties' Counsel a declaration confirming that the Administrator has distributed the Class Notice in accordance with the Settlement Agreement, to be filed with the papers in support of the Motion for Final Approval of the settlement.

17. Any Class Member who wishes to opt out or exclude himself, herself, or itself from the Settlement Class is ordered to submit an appropriate, timely written request for exclusion, to be received by the Administrator no later than April 7, 2020. To be valid, a request for exclusion must:

> (i) Be signed and include the name, address, and phone number of the person or entity seeking exclusion;
>
> (ii) Expressly state the desire to be excluded from the proposed settlement; and
>
> (iii) in the case of an entity, identify the title or position of the person signing on behalf of such entity, state that such person is duly authorized to sign on behalf of such entity, and be signed by such person.

18. If the Class Member's opt out request is not proper in form, content and timing, it shall be denied.

19. The Administrator shall rent one or more post office boxes in the name of the Clerk of the Court, to be used for receiving opt out requests and/or requests for exclusion from the Class and any other communications.

20. The Administrator is directed to forward copies of any written requests for exclusion or to opt out to Class Counsel and FGLIC's Counsel immediately upon receipt.

21. Defendants' Counsel and Class Counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that might come into their possession and that are not otherwise provided by the Administrator.

22. No later than April 13, 2020, the Administrator shall email to Parties' Counsel a list of all potential Class Members who have timely excluded themselves from the Class.

23. The Administrator also shall provide Parties' Counsel a declaration setting forth a list of all potential Class Members who timely excluded themselves from the Class, to be filed with the papers submitted in advance of the Final Approval Hearing.

24. Should more than ten (10) Class Members request exclusion from the Settlement, then on or before April 17, 2020, FGLIC shall provide written notice to the Court and Counsel for the other Parties if FGLIC is exercising its right to unilaterally terminate the Settlement.

25. Any Class Member who does not properly submit a timely, written request to opt out of the Class shall be bound by all proceedings, orders, and judgments in the Action, including the release of Released Claims against Releasees, even if such Class Member has previously initiated or subsequently initiates individual litigation or other proceedings against Fidelity.

26. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed settlement shall file with the Court and

serve on the counsel for the parties a statement of the objection by April 7, 2020, or be forever barred from objecting.

27. Any statement of objection must contain the following:

a. a caption or title that identifies it as "Objection to Class Settlement in *Brokerage Insurance Partners, Inc. v. Fidelity & Guaranty Life Insurance Company, Fidelity & Guaranty Life, FS Holdco II Ltd., and John Doe,* Case No. 17-cv-1815-RDB;

b. the Class Member's full name, title, current address and telephone number;

c. the factual basis and legal grounds for the objection;

d. the full name, firm name, and business address of all attorneys and entities who have a financial interest in the Class Member's objection; and

e. the signature of the individual who is objecting.

28. Any attorney hired by a Class Member at the Class Member's expense for the purpose of objecting to the Settlement Agreement or the proposed settlement, or to the award of attorneys' fees and expenses, shall file with April 7, 2020.

29. Any Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing, shall file with the Court and deliver to the parties' counsel a notice of intention to appear at the Fairness Hearing either in person or through personal counsel hired at the Class member's expense, by April 7, 2020.

30. The Administrator shall provide Parties' Counsel a declaration confirming that the Administrator has distributed the Class Notice in accordance with the Preliminary Approval Order, to be filed with the papers submitted in advance of the Final Approval Hearing.

31. FGLIC is prohibited from communicating with Class Members about the Action or the Settlement, except that: (i) FGLIC is not precluded from speaking to Class Members in the

ordinary course of FGLIC's business, provided that, if a Class Member contacts FGLIC regarding the Action or of the Settlement, FGLIC shall direct such Class Member to contact Class Counsel or the Administrator; and (ii) nothing prohibits FGLIC from settling, or attempting to settle, any claim for Charge-Back Damages with a Class Member, provided the negotiations are conducted through either Class Counsel or a Class Member's individual counsel.

32. A hearing (the "Fairness Hearing") will be held on May 26, 2020 at 10:00 a.m. in Courtroom 5D before the undersigned Judge of the United States District Court, District of Maryland, to further consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

33. The Court reserves the right to continue the Fairness Hearing without further written notice to the Class but will notify counsel for the Parties (including objectors who have timely filed a notice of intention to appear in these proceedings). Unless the Court specifically orders otherwise, any such continuance shall not be interpreted to expand or change any deadlines contained in this Order or the Settlement Agreement.

34. Pending final determination of whether the proposed Settlement Agreement should be approved, and other than participating in the settlement of the *BIP Litigation* or filing a third-party complaint in this Action as described in the Settlement Agreement, the Court preliminarily bars and enjoins Plaintiff and all Class Members who do not timely opt out of the Class and/or their representatives and all persons in active concert or participation with them from, as to Fidelity, as defined in the Settlement Agreement:

    a. bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in (individually, as class members, or otherwise), or receiving any benefits from any other lawsuit (including but not limited to putative or certified class action lawsuits, mass actions,

group actions, or individual actions), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction or forum that is based on, arises from, or is related to the Action or the Released Claims;

    b.  filing, commencing, or prosecuting a lawsuit as an individual, a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) in any jurisdiction arising out of, based on, or relating to the claims, causes of action, facts and/or circumstances relating thereof, in the Action or the Released Claims; and

    c.  organizing or soliciting the participation of any individual or group for purposes of pursuing a putative class action, group action, individual action, or any claim or lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) in any jurisdiction based on, arising out of, or relating to the claims, causes of action or facts alleged in the Action or the Released Claims.

  35.  This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; or the proposed settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the proposed settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

36. The Settlement Agreement and any proceedings taken pursuant thereto are not, and shall not in any event be: offered or received as evidence of a presumption, concession or admission on the part of Plaintiff, Class Members or Fidelity; or offered or received as evidence of a presumption, concession or admission by any person of any liability, fault, wrongdoing or other dereliction of duty.

37. Should the Settlement fail to become effective for any reason, the Settlement Agreement and any proceedings taken thereto are not and shall not be offered or received as evidence of a presumption, concession or admission that a class may be certified in this Action, or that Fidelity conceded or waived its arguments against class certification, as Fidelity has expressly reserved those arguments.

38. The Court reserves jurisdiction over the subject matter and as to each party to the Settlement Agreement with respect to the interpretation, effectuation, and implementation of the Settlement Agreement in accordance with the terms thereof for all purposes, including enforcement of any of the terms thereof at the request of any party and resolution of any disputes that may arise.

IT IS SO ORDERED.

Dated this ___15th___ day of ___January___, 2020

Dated: ___January 15___, 2020        _____/s/ Richard D. Bennett_____
                                      The Hon. Richard D. Bennett
                                      United States District Judge